**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Constantino Basile, <br><br>　　　　　　Plaintiff(s), <br><br> vs. <br><br> The Los Angeles Film School, LLC, *et al*, <br><br>　　　　　　Defendant(s). | **2:24-cv-00108-APG-MDC** <br><br> **Order** |

　　　　Pending before the Court are *pro se* plaintiff Constantino Basile's *Motion For Reconsideration* (ECF No. 78) and *Motion To Compel With Service Of Process* ("Motion to Compel") (ECF No. 79). The Motion for Reconsideration is denied as moot. The Motion to Compel is also denied.

## **DISCUSSION**

### I.　　Motion for Reconsideration (ECF No. 78)

　　　　On April 30, 2024, plaintiff filed a Motion to Compel (ECF No. 73), requesting for the Court to compel defendants to either answer the Complaint (ECF No. 1) or waive service. On May 22, 2024, the Court denied the Motion because plaintiff failed to cite to any authority for such relief. ECF No. 77. On May 23, 2024, plaintiff filed a Motion for Reconsideration (ECF No. 78) of the Court's Order (ECF No. 77). On May 28, 2024, plaintiff filed a new Motion to Compel (ECF No. 79), requesting for the Court to compel defendants to either answer the Complaint or waive service. Given that a new Motion to Compel was filed, the Court denies as moot the Motion for Reconsideration (ECF No. 78).

### II.　　Motion to Compel (ECF No. 79)

　　　　Plaintiff requests that the Court compel defendants to either waive service or respond to the Complaint. ECF No. 79. Plaintiff asserts that "[a]ll elements to proper service of process have taken place with regard to Defendants in compliance with all service of process rules applicable." ECF No. 79 at 5:19-20. Plaintiff asks the Court to alter is Order (ECF No. 77) and "compel these remaining

Defendants to Respond, and/or file their waiver and be given their time to hire counsel." ECF No. 79 at 5:21-24.

### a. Legal Standard

The Federal Rules of Civil Procedure provide that a defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m)[1]. Service may be completed following either the federal rules or the state law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). The plaintiff may also "notify such a defendant that an action has been commenced and request that the defendant waive service of summons." Fed. R. Civ. P. 4(d)(1). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 350, 119 S. Ct. 1322, 1327 (1999) (internal citations omitted).

Once service has been completed or waived, "a defendant must serve an answer within 21-days after being served with the summons and complaint" or within 60-days if it has waived service under Rule 4(d). Fed. R. Civ. P. 12(a)(1)(A)(i), (ii). "[A] defendant may file a number of responsive pleadings – all of which fall under the category of *answering* a complaint. A motion to dismiss is just one document a defendant may use to answer a summons and complaint." *Mccullough v. Fed. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 6881, at *7-8, 2009 WL 161194 (E.D. Cal. Jan. 21, 2009) (internal citations omitted); *see also Ass'n of Irritated Residents v. Fred Schakel Dairy,* 2005 U.S. Dist. LEXIS 36769, at *10-11 ("the Ninth Circuit 'allows a motion under Rule 12(b) any time before the responsive pleading is filed,' even if filed outside the time limits of Rule 12(a)(1)") (citing *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988)).

//

//

//

---

[1] The Nevada Rules of Civil Procedure allows for 120-days to serve the Complaint. N.R.C.P. 4(e)(1).

### b. Analysis

Plaintiff requests that the Court compel defendants to either waive service or respond to the Complaint. ECF No. 79. There are several deficiencies with plaintiff's motion, therefore the Motion to Compel (ECF No. 79) is **denied**.

Plaintiff requests that the Court compel defendants to respond to the Complaint. ECF No. 79. Several defendants have already responded to plaintiff's Complaint (ECF No. 1) by filing a Motion to Dismiss. *See* ECF Nos. 13, 26, 29, 38, 58, 64. As noted above, a motion to dismiss is an alternative to filing an answer to the complaint. *See Mccullough*, 2009 U.S. Dist. LEXIS 6881, at *7-8, 2009 WL 161194. To the extent plaintiff requests the Court compel the remaining defendants file a waiver or response to the Complaint, there are several deficiencies with the request.

Plaintiff requests that the Court compel defendants to file a waiver, citing Rule 4(d) of the Federal Rules of Civil Procedure. ECF No. 79 at 5-7. However, plaintiff misconstrues the rule as *requiring* defendants to file a waiver. The rule has no such provision. Instead, the rule states that defendants have a duty to "avoid unnecessary expenses of serving the summons" and that in the face of a failure to file a waiver, courts impose upon defendants "the expenses later incurred in making service." *See* Fed. R. Civ. P. 4(d)(1), (2). The Court has no authority to compel a defendant who chooses not to waive service to file a waiver, it can only instead, impose fees upon the defendant. *Id.*

Plaintiff asserts that "all elements to proper service of process have taken place with regard to Defendants in compliance with all service of process rules applicable." ECF No. 79 at 5:19-20. For several defendants, plaintiff states that service was completed by mail or email. ECF No. 20; 79. However, Plaintiff "cannot serve an individual or nongovernmental company by certified mail under either federal or Nevada law." *Hayes v. GKS Dev., Inc.*, 2024 U.S. Dist. LEXIS 39787, at *2, 2024 WL 894676 (D. Nev. March 1, 2024) (internal citations omitted); *Metha v. Partners*, 2023 U.S. Dist. LEXIS 19281, at * 3, 2023 WL 1782356 (D. Nev. Feb. 6, 2023) ("Service by mail is not permitted under Nevada or federal law."); *Campbell v. Gasper*, 102 F.R.D. 159, 161 (D. Nev. May 18, 1984) (citation

omitted) ("Service by mail, even if actually effected, does not constitute personal service."). Therefore, service wasn't actually completed for the defendants that plaintiff served by mail. Furthermore, although Nevada and the Ninth Circuit permits service by email, plaintiff has not properly effected service upon the defendants. *See* Nev. R. Civ. P. 4.4(d)(1); *see also Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service by email is permitted when it is "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections.").

The Nevada Rules of Civil Procedure 4.4(b) provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method.
> (2) A motion seeking an order for alternative service must:
>     (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:
>         (i) the due diligence that was undertaken to locate and serve the defendant; and
>         (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and
>     (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2).

Plaintiff was required to file a motion requesting for alternative service, which he did not do. Therefore, service upon the defendants was not proper. Plaintiff is reminded that Rule 4(c)(1) of the Federal Rules of Civil Procedure makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." See *Brown v. Am. Homes 4 Rent*, 2023 U.S. Dist. LEXIS 220806, * 2 (D. Nev. Dec. 12, 2023). Plaintiff is advised to review both the Federal and Nevada Rules of Civil Procedure regarding service.

//

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Reconsideration* (ECF No. 78) is DENIED AS MOOT.

2. The *Motion to Compel* (ECF No. 79) is DENIED.

DATED this 17th day of June 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.