# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CONSTANTINO BASILE,

       Plaintiff

v.

SONY PICTURES ENTERTAINMENT, INC, et al.,

       Defendants

Case No.: 2:24-cv-00108-APG-MDC

**Order Granting Motions to Dismiss by Defendants Southwest Airlines Co.; Mitchell Silberberg & Knupp LLP; Sony Pictures Entertainment Inc.; Sony Pictures Television, Inc.; Kripke Enterprises; Amblin Entertainment, Inc.; NBCUniversal Media, LLC; Thorndal Armstrong Delk Balkenbush & Eisinger; and Robert A. Leark, Ph.D.'s**

[ECF Nos. 26, 29, 38, 58, 64]

Plaintiff Constantino Basile filed a 228-page complaint alleging 10 causes of action against 45 defendants, including Southwest Airlines Co.; Mitchell Silberberg & Knupp LLP (MSK); Sony Pictures Entertainment, Inc.; Sony Pictures Television Inc.; Kripke Enterprises; Amblin Entertainment, Inc.; NBCUniversal Media, LLC; Thorndal Armstrong Delk Balkenbush & Eisinger (TADBE); and Robert A. Leark, Ph.D. (collectively, "the moving defendants"). ECF No. 1. In 2018, Basile sued these same moving defendants in the U.S. District Court for the Central District of California alleging the same ten causes of action. *Basile v. Los Angeles Film School, LLC, et al.*, 2:18-cv-08604-CJC-ADS, ECF No. 1 at 1-2, 43-46 (C.D. Cal. Oct. 5, 2018).[1] Judge Cormac J. Carney dismissed the claims with prejudice and declared Basile a vexatious litigant. *Basile v. Los Angeles Film Sch., LLC*, No. 2:18-cv-08604 CJC (ADS), 2019 WL

---

[1] Per Federal Rule of Evidence 201(b), I take judicial notice of the docket in these cases as they are "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

5310187, at *1 (C.D. Cal. Oct. 17, 2019).  The moving defendants argue among other things that the 2019 decision bars Basile's claims in this case.  Basile opposes the motions, asserting that his claims are "current" and have been obstructed by various courts. ECF Nos. 36 at 4; 49 at 4; 54 at 4.  Alternatively, he claims that the moving defendants "provide[] no grounds for dismissal" and that his pleadings have been precise. ECF Nos. 62 at 4 (simplified); 67 at 4.  I grant the motions to dismiss as Basile's claims are barred by a combination of claim and issue preclusion.

## I.      BACKGROUND

Including the current case, Basile has filed seven pro se actions in federal court since 2014. *Basile v. Los Angeles Film Sch., LLC*, No. 2:18-08604 CJC (ADS), 2019 WL 5377126, at *1 (C.D. Cal. Sept. 30, 2019), *report and recommendation adopted*, No. 2:18-cv-08604 CJC (ADS), 2019 WL 5310187 (C.D. Cal. Oct. 17, 2019), *aff'd*, 827 F. App'x 649 (9th Cir. 2020). His claims arise from an alleged copyright infringement of two class assignments he created in film school and a subsequent, related conspiracy to harm him and his family. *Id.*  The alleged co-conspirators include notable figures and entities such as Will Smith, former First Lady Michelle Obama, the U.S. Court of Appeals for the Ninth Circuit, the U.S. Supreme Court, and the moving defendants. ECF No. 1.  Besides alleging that the moving defendants have conspired to steal his copyrighted work and profit from it, Basile also alleges that he has been kidnapped, drugged, involuntarily hospitalized, and threatened as part of the conspiracy. *Id.* at 14-68; *Basile*, 2019 WL 5377126, at *1.  With each successive suit, Basile has reargued his original claims while adding increasingly attenuated co-conspirators and conspiratorial events. *Basile*, 2019 WL 5377126, at *1.

In October 2018, Basile filed his sixth suit in the Central District of California against 36 individuals and organizations, including the moving defendants. *Basile*, 2:18-cv-08604-CJC-

1  ADS, ECF No. 1 at 1-2, 43-46; *see also Basile v. Los Angeles Film Sch., LLC*, 827 F. App'x 649,

2  650 (9th Cir. 2020).  He alleged "ten (10) causes of action for violations of the Racketeer

3  Influenced and Corrupt Organizations ("RICO") Act, civil rights violations under 42 U.S.C.

4  §§ 1983, 1985, 1986, and 1988, copyright infringement, contributory copyright infringement,

5  defamation, recklessness, IIED, and conspiracy." *Basile*, 2019 WL 5377126, at *3 (internal

6  footnote omitted).  This sixth suit "conflate[d] the [p]rior [five] [c]ases into one action . . .

7  seek[ing] to relitigate them." *Id.*  Upon recommendation by Magistrate Judge Autumn Spaeth,

8  Judge Carney ruled Basile's claims as "barred by res judicata, collateral estoppel, basic pleading

9  principles, litigation privilege, and frivolousness." *Basile*, 2019 WL 5310187, at *1.  He

10  dismissed the case with prejudice and declared Basile a vexatious litigant. *Id.*  The Ninth Circuit

11  affirmed the decision. *Basile*, 827 F. App'x at 652.

12  **II.    ANALYSIS**

13       In considering a motion to dismiss, I take all well-pleaded allegations of material fact as

14  true and construe the allegations in a light most favorable to the non-moving party. *Kwan v.*

15  *SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of

16  legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation*

17  *v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient

18  factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

19  U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a

20  formulaic recitation of the elements of a cause of action." *Id.* at 555.

21       The moving defendants argue that Basile's claims are barred by claim and issue

22  preclusion because his complaint in this case puts forth the same ten causes of action (violations

23  of the RICO Act; civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986, and 1988;

copyright infringement; contributory copyright infringement; defamation; recklessness; IIED; and conspiracy) arising from the same factual allegations previously adjudicated in the 2019 decision.  Basile counters that his "claims are current and have only been obstructed by conspiracy . . . by Judge Carney and his Magistrate," the U.S. Court of Appeals for the Ninth Circuit, and the U.S. Supreme Court. ECF No. 36 at 4.

The doctrine of claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotation omitted).  In contrast, the doctrine of issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (simplified).  The preclusive effect of a judgment in a federal question case, like Basile's prior case in the Central District of California, is determined by federal common law. *Id.* at 891.

**A. Claim Preclusion**

Under federal common law, a claim is precluded by previous litigation when there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Arpaio*, 951 F.3d 1001, 1007 (9th Cir. 2020) (simplified).  The second factor is met because a "final judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (simplified).  Judge Carney dismissed Basile's claims with prejudice and the Ninth Circuit upheld the dismissal on appeal.  That was a final judgment on the merits.  Both Basile and the moving defendants were parties (as plaintiff and defendants, respectively) to the prior litigation.  Thus, the remaining question is whether there is an identity of claims.

An identity of claims depends on: (1) "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18 (9th Cir. 2012) (quotation omitted). "The last of these criteria is the most important." *Id.* at 918 (quotation omitted). "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). "Newly articulated claims based on the same nucleus of facts may still be subject to [claim preclusion] if the claims could have been brought in the earlier action." *Id.* at 1078.

Basile's ten claims in the current action (RICO violations; civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; copyright infringement; contributory copyright infringement; defamation; recklessness; IIED; and conspiracy) as alleged in the first 200 pages of his complaint are all barred by claim preclusion because they are identical to the claims he brought against the moving defendants in the prior action. ECF No. 1 at 1-200; *Basile*, 2:18-cv-08604 CJC (ADS), ECF Nos. 1 at 1-181; 1-2 at 1-18. Basile concedes that he copied and pasted the first 200 pages of his prior complaint into the current complaint, noting the pages were "Previously Filed 10-5-18: Complaint: Central District Court, Western Division – 2:18-cv-08604." ECF No. 1 at 201. Because these were the same claims and factual allegations that were unsuccessfully litigated in 2019, Basile's claims, up to page 200 of his complaint, are claim precluded.

**B.  Issue Preclusion**

Even if Basile's claims from pages 201 to 228 (as well as pages 1 to 200) are not claim precluded, they are issue precluded.  Under federal common law, issue preclusion bars a claim when "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023).

All of Basile's claims and factual allegations are issue precluded because they are all predicated on issues that were previously decided in prior litigation.  As Magistrate Judge Spaeth noted, "each of the claims require[d], either directly or indirectly, a showing that [Basile's] works were infringed and a related conspiracy [exists]," but "courts of law [preceding this action] have already determined that there is no copyright infringement . . . and that no related conspiracy exists." *Basile*, 2019 WL 5377126, at *11.  Thus, the issues of whether Basile's works were infringed or whether a conspiracy to harm him exists are (1) identical in both cases and were (2) actually litigated and decided in the prior litigation, as well as in the five suits preceding it.  Basile had (3) a full and fair opportunity to litigate these issues, and (4) they were necessary to decide the merits of his claims in the prior litigation.  And because the allegations of conspiracy he makes from pages 201 to 228 are predicated on the existence of this alleged copyright infringement and conspiracy, those claims are issue precluded.

In his current complaint, Basile asserts there are "additional violations by new and existing defendants: occurring 10-17-19 through 10-31-23 comprising the new RICO complaint." ECF No. 1 at 201 (simplified).  But Basile does not make new claims or factual allegations against the moving defendants in this "new RICO complaint."  Though he claims that

there are "additional violations" by existing defendants, a group that presumably includes the moving defendants, there is nothing in the rest of the complaint stating what, if anything, they allegedly did additionally.  Pages 201 to the end of the complaint do not mention any of the moving defendants, except for Southwest.  And Southwest is only mentioned in a vague allegation that its personnel were part of the conspiracy, without any additional facts to differentiate this from the allegations of conspiracy that Basile already made against it in the first 200 pages of his complaint. ECF No. 1 at 205.  The rest of the section alleges Judges Carney, Spaeth, and Boulware participated in the conspiracy without further substantive mention of the moving defendants.  Thus, the rest of Basile's claims against the moving defendants from pages 200 to 228 of his complaint are issue precluded.

Because a combination of claim and issue preclusion bars Basile's claims against the moving defendants, I grant their motions to dismiss.  I dismiss Basile's complaint without leave to amend because any claims arising out of the alleged copyright infringement of his film school projects and the related conspiracy are precluded by the prior litigation, and amending would be futile. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").  As Basile makes no other factual allegations against the moving defendants that could suggest an alternate basis for his claims separate from the alleged copyright infringement and conspiracy, I deny leave to amend.

**III.    CONCLUSION**

I THEREFORE ORDER that the moving defendants Southwest Airlines Co.; Mitchell Silberberg & Knupp LLP; Sony Pictures Entertainment Inc.; Sony Pictures Television, Inc.; Kripke Enterprises; Amblin Entertainment, Inc.; NBCUniversal Media, LLC; Thorndal

Armstrong Delk Balkenbush & Eisinger; and Robert A. Leark, Ph.D.'s motions to dismiss **(ECF Nos. 26, 29, 38, 58, 64) are GRANTED**.  Basile's claims against the moving defendants are dismissed with prejudice.

DATED this 21st day of October, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE