UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CONSTANTINO BASILE,<br><br>        Plaintiff<br><br>v.<br><br>SONY PICTURES ENTERTAINMENT, INC, et al.,<br><br>        Defendants | Case No.: 2:24-cv-00108-APG-MDC<br><br>**Order Granting Defendants Southwest Airlines Co.; Mitchell Silberberg & Knupp LLP; and Thorndal Armstrong Delk Balkenbush & Eisinger's Motions to Have Plaintiff Considered a Vexatious Litigant**<br><br>[ECF Nos. 26, 32, 60] |

Plaintiff Constantino Basile filed a 228-page complaint alleging 10 causes of action against 45 defendants, including Southwest Airlines Co.[1]; Mitchell Silberberg & Knupp LLP (MSK); and Thorndal Armstrong Delk Balkenbush & Eisinger (TADBE) (collectively, "the moving defendants"). ECF No. 1.  These defendants move to have Basile considered a vexatious litigant because, including this case, he has filed seven nearly identical "harassing and duplicative lawsuits" alleging the same "implausible theories," "meritless claims," and facts. ECF Nos. 26 at 15; 32 at 22; 60 at 16.  They also note that in Basile's sixth suit filed in the U.S. District Court for the Central District of California, Judge Cormac Carney declared Basile a vexatious litigant for these reasons. *See Basile v. Los Angeles Film Sch., LLC*, No. 2:18-cv-08604 CJC (ADS), 2019 WL 5310187, at *1 (C.D. Cal. Oct. 17, 2019), *aff'd*, 827 F. App'x 649 (9th Cir. 2020).  Basile objects, arguing that the moving defendants "provide no grounds." ECF No. 62 at 4 (emphasis omitted).  I grant the moving defendants' motions.

---

[1] Southwest filed one motion seeking to dismiss and to declare Basile a vexatious litigant. ECF No. 26.  Under Local Rule IC 2-2(b), Southwest should have filed separate documents for each event.

I.     BACKGROUND

Including the current case, Basile has filed seven pro se actions in federal court since 2014. *Basile v. Los Angeles Film Sch., LLC*, No. 2:18-08604 CJC (ADS), 2019 WL 5377126, at *1 (C.D. Cal. Sept. 30, 2019), *report and recommendation adopted*, No. 2:18-cv-08604 CJC (ADS), 2019 WL 5310187 (C.D. Cal. Oct. 17, 2019), *aff'd*, 827 F. App'x 649 (9th Cir. 2020). His claims arise from an alleged copyright infringement of two class assignments he created in film school and a subsequent, related conspiracy to harm him and his family. *Id.*  The alleged co-conspirators include notable figures and entities such as Will Smith, former First Lady Michelle Obama, the U.S. Court of Appeals for the Ninth Circuit, the U.S. Supreme Court, and the moving defendants. ECF No. 1.  Besides alleging that the moving defendants have conspired to steal his copyrighted work and profit from it, Basile also alleges that he has been kidnapped, drugged, involuntarily hospitalized, and threatened as part of the conspiracy. *Id.* at 14-68; *Basile*, 2019 WL 5377126, at *1.  With each successive suit, Basile has reargued his original claims while adding increasingly attenuated co-conspirators and conspiratorial events. *Basile*, 2019 WL 5377126, at *1.

In October 2018, Basile filed his sixth suit in the Central District of California against 36 individuals and organizations, including the moving defendants. *Basile*, 2:18-cv-08604-CJC-ADS, ECF No. 1 at 1-2, 43-46; *see also Basile v. Los Angeles Film Sch., LLC*, 827 F. App'x 649, 650 (9th Cir. 2020).  He alleged "ten (10) causes of action for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, copyright infringement, contributory copyright infringement, defamation, recklessness, IIED, and conspiracy." *Basile*, 2019 WL 5377126, at *3 (internal footnote omitted).  This sixth suit "conflate[d] the [p]rior [five] [c]ases into one action . . .

seek[ing] to relitigate them." *Id.* Upon recommendation by Magistrate Judge Autumn Spaeth, Judge Carney ruled Basile's claims as "barred by res judicata, collateral estoppel, basic pleading principles, litigation privilege, and frivolousness." *Basile*, 2019 WL 5310187, at *1. He dismissed the case with prejudice and declared Basile a vexatious litigant. *Id.* The Ninth Circuit affirmed the decision. *Basile*, 827 F. App'x at 652.

## II.  DISCUSSION

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's due process right of access to the courts, a court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* "Nevertheless, flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (simplified).

Before I can enter a pre-filing order, I must examine four factors. First, the litigant must have been "given notice and a chance to be heard before the order is entered." *Id.* I may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 311-12 (9th Cir. 2017). Second, I must "compile an adequate record for review." *Molski*, 500 F.3d at 1057 (quotation omitted). "An adequate record for review should include a listing of all the cases and motions" leading me to "conclude that a vexatious litigant order was needed." *Id.* at 1059 (quotation omitted). Third, I "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* at 1057. To determine whether the litigant's conduct is frivolous or harassing, I must evaluate "both the number and content of the filings as indicia of the

frivolousness of the litigant's claims." *Id.* at 1059 (quotations omitted). The "ultimate substantive issue in resolving a motion for a pre-filing order [is] whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.* at 1058 (quotation omitted). "Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." *Id.* at 1057 (simplified). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the district court or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id.* at 1061.

Basile meets the standard to be considered a vexatious litigant. Basile was given the notice of and opportunity to file briefs in opposition to the moving defendants' motions, and he did so. Basile's record of filing multiple duplicative suits supports finding him a vexatious litigant. Since 2014, Basile has filed seven different suits, including this one, all arising out of the same alleged copyright infringement and related conspiracy. Basile brought three suits against one or more of the moving defendants, and all suits feature at least one defendant that Basile has sued multiple times:[2]

1. *Basile v. L.A. Film Sch., LLC*, Case No. 2:14-cv-00412-DMG-MRW, 2014 WL 12577083, ECF No. 1 at 1-9 (C.D. Cal. April 24, 2014), *aff'd*, *Basile v. LA Film School, LLC*, 678 F. App'x 596 (9th Cir. 2017).

2. *Basile v. Twentieth Century Fox Film Corp.*, Case No. 2:14-cv-04263-DMG-JPR, 2014 WL 12521340, ECF No. 1 at 1-19 (C.D. Cal. Aug. 19, 2014), *aff'd*, *Basile v. Twentieth Century Fox Film Corp.*, 678 F. App'x. 576 (9th Cir. 2017).

---

[2] Pursuant to Federal Rule of Evidence 201(b), I take judicial notice of the docket in his past cases as they are "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

3. *Basile v. Sony Pictures Entm't Inc.*, Case No. 2:14-cv-04264-DMG-JPR, 2014 WL 12521344 (C.D. Cal. Aug. 19, 2014), *aff'd*, *Basile v. Sony Pictures Entm't Inc.*, 678 F. App'x 473 (9th Cir. 2017).

4. *Basile v. Warner Bros. Entm't Inc.*, Case No. 2:15-cv-05243-DMG-MRW, 2016 WL 5867432, ECF No. 1 at 1-9 (C.D. Cal. Jan. 4, 2016), *aff'd*, *Basile v. Warner Bros. Entm't Inc.*, 678 F. App'x. 604 (9th Cir. 2017).

5. *Basile v. Southwest Airlines Co.*, Case No. 2:15-cv-01883-RFB-VCF, 2018 WL 3377084, ECF No. 1 at 1-19 (D. Nev. Jul. 10, 2018), *aff'd*, *Basile v. Southwest Airlines Co.*, 765 F. App'x 145 (9th Cir. 2019).

6. *Basile v. The Los Angeles Film School, LLC*, Case No. 2:18-cv-08604-CJC-ADS, 2019 WL 5310187, ECF Nos. 1 at 1-181; 1-1 at 1-18 (C.D. Cal. Oct. 17, 2019), *aff'd*, *Basile v. Los Angeles Film Sch. LLC*, 827 F. App'x 649 (9th Cir. 2020) (suing, among others, TADBE, MSK, and Southwest).

7. *Basile v. The Los Angeles Film School, LLC, et al.*, Case No. 2:24-cv-00108-APG-MDC, ECF No. 1 at 1-228 (D. Nev. Jan. 16, 2024) (this action) (suing, among others, TADBE, MSK, and Southwest).

Basile's litigation is frivolous and harassing. The seven suits are all based on the same nucleus of facts surrounding the alleged copyright infringement and related conspiracy that other courts of law have determined do not exist. *Basile*, 2019 WL 5377126, at *11; *Basile*, 2019 WL 5310187, at *1 (accepting report and recommendation). Courts have dismissed the previous six actions as frivolous, baseless, unactionable, or otherwise barred by claim and issue preclusion. *Basile*, 2019 WL 5377126, at *14. With each successive suit, Basile has expanded the scope of the conspiracy and the list of defendants to include increasingly attenuated events and actors.

Otherwise, his suits are largely duplicative. In the current case, Basile copied large portions of his prior complaint into this complaint. *See* ECF No. 1 at 201 (Basile follows 200 pages of facts and claims for damages with a notation reading "Previously Filed 10-5-18: Complaint: Central District Court, Western Division – 2:18-cv-08604.").

Basile has also repeatedly sued many of the same parties for claims that were previously litigated, including the moving defendants. This is the third time that Basile has sued Southwest, including a prior suit in the District of Nevada, making the same or similar allegations of conspiracy and other misconduct that other courts have previously dismissed. This is the second time Basile has sued MSK and TADBE for allegedly participating in the conspiracy to harm him and his family. Basile has also sued other, non-moving defendants named in this latest complaint more than once, including Sony Pictures Entertainment, Sony Pictures Television, Kripke Enterprises, Amblin Entertainment, NBCUniversal, and Dr. Robert Leark.

In addition to repeatedly suing the same parties, Basile files new iterations of his complaint against persons and entities who defended a party in a previous suit or dismissed his claims, alleging these persons or entities participated in the conspiracy. For example, Basile added MSK and TADBE to a lawsuit after they had defended an opposing party in a previous case, alleging that they had been part of the conspiracy to harm him. *Basile*, Case No. 2:18-cv-08604-CJC-ADS, ECF No. 1 at 51, 112. Basile also sued the U.S. District Court for the Central District of California, the U.S. Court of Appeals for the Ninth Circuit, and the U.S. Supreme Court after each had either dismissed his claims or affirmed the decision of the lower court, similarly alleging that they were corrupt or part of the conspiracy. ECF No 1. at 8, 11, 209-14.[3]

---

[3] Basile alleges that his sixth suit was not "allowed to be managed . . . by an obstructive Judge Carney and Magistrate Spaeth" and that "all other remedies for oversight [were] tainted with extraordinary judicial circumstance in the Supreme Court." ECF No. 1 at 209 (simplified). He

6

Basile's history of litigation clearly indicates that he is likely to continue to abuse the judicial process and harass parties. "A pattern of frivolous or abusive litigation in different jurisdictions undeterred by adverse judgments may inform a court's decision that an injunction is necessary." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1066 (9th Cir. 2014). In the sixth case, Judge Carney deemed Basile a vexatious litigant, accepting Magistrate Judge Spaeth's findings that Basile had a "clear intention of continuing his pattern of frivolous, harassing and duplicative filings." *Basile*, 2019 WL 5310187, at 1; *Basile*, 2019 WL 5377126, at *15. Despite this order from the Central District of California and six previous dismissals in two federal jurisdictions (the Central District of California and the District of Nevada), Basile has filed another frivolous, harassing, and duplicative suit in this court. With the current suit, he continues "to include the same allegations that have been previously litigated in each new complaint. Further, [he] identifies the Court's dismissals of his actions as further evidence of a conspiracy, rather than a binding determination that his works were not infringed or that there is no conspiracy." *Basile*, 2019 WL 5377126, at *15. Basile's history of frivolous, harassing, and duplicative litigation undeterred by previous adverse orders suggests he intends to continue to abuse the judicial system and harass the affected parties.

Finally, an order instructing the Clerk of Court to reject any filings from Basile commencing a federal suit based on the alleged copyright infringement or the related conspiracy without a pre-filing review by a judge of this district is the most appropriate and narrowly tailored solution. This would prevent Basile from filing any additional suits based on what has

---

makes similar allegations of corruption against Judge Boulware of this district, who dismissed his fifth case, and the Ninth Circuit, which affirmed Judge Boulware's decision. *Id.* at 209-10, 213-14.

been repeatedly litigated and dismissed in the previous six suits but would not preclude him from commencing any other action in this court.

### III.  CONCLUSION

I THEREFORE ORDER that defendants Southwest Airlines Co.; Mitchell Silberberg & Knupp LLP; and Thorndal Armstrong Delk Balkenbush & Eisinger's motions to have Basile considered a vexatious litigant **(ECF Nos. 26, 32, 60) are GRANTED**.

I FURTHER ORDER that plaintiff Constantino Basile is deemed a vexatious litigant under 28 U.S.C. § 1651(a) and is ENJOINED AND PROHIBITED from filing any new complaint, petition, or other action in this court related to his film school projects, copyright infringement, or the alleged related conspiracy.

I FURTHER ORDER that plaintiff Constantino Basile is required to seek leave of Court before filing any additional actions in the District of Nevada.

To file a new lawsuit, Basile must apply for leave to do so, and the proposed lawsuit shall bear the caption "Application Seeking Leave to File."  If Basile wishes to file in the unofficial northern division of the District of Nevada, he must mail a copy of the proposed suit to: Clerk's Office, United States District Court, District of Nevada, 400 South Virginia Street, Reno, Nevada 89501.  If Basile wishes to file in the unofficial southern division of the District of Nevada, he must mail a copy of the proposed suit to: Clerk's Office, United States District Court, District of Nevada, 333 Las Vegas Blvd. South Las Vegas, Nevada 89101.  The Application shall be supported by a declaration under oath by Basile stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a

reasonable investigation of the facts, and his investigation supports his claim or claims. A copy of this Order shall be attached to any such Application.

The failure to fully comply with this Order will be sufficient grounds for denial of the Application. In such circumstances, Basile will not be allowed to proceed, and his proposed filing shall be returned to him. If Basile makes the required showing, the court will enter the appropriate order and will allow him to proceed.

Finally, this order does not prohibit Basile from filing an amended complaint in this case alleging only a claim against the City of Santa Monica, as I permitted in my September 18, 2024 Order (ECF No. 88).

DATED this 21st day of October, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE