**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Constantino Basile,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>The Los Angeles Film School LLC, et al.,<br><br>　　　　　Defendant(s). | 2:24-cv-00108-APG-MDC<br><br>**Order Granting Motion to Quash Plaintiff's Subpoena to Santa Monica Police Department** |

　　　　I have reviewed the *Motion to Quash Subpoena Duces Tecum* (ECF No. 94) by third-party Santa Monica Police Department ("Santa Monica"). In response to the motion, Plaintiff filed a *Motion in Opposition and Motion for Relief Per FRCP 60(b)(6)* (ECF No. 95) and a related *Motion for Entry Of Order* (ECF No. 101). For the purposes of this Order, I treat plaintiff's *Motion in Opposition* portion of ECF No. 95 as the opposition to Santa Monica's motion. I will address in a separate Report and Recommendation plaintiff's separate *Motion for Relief Per FRCP 60(b)(6)* included in ECF No. 95. I GRANT Santa Monica's motion (ECF No. 94) and DENY plaintiff's *Motion for Entry Of Order* (ECF No. 101) for the reasons below.

**I.　　SUMMARY**

　　　　Plaintiff initially named Santa Monica in his complaint (ECF No. 1). Santa Monica is the police department for the City of Santa Monica located in Los Angeles County, California. Santa Monica was dismissed from the action on September 18, 2024, when the District Judge granted Santa Monica's motion to dismiss. On September 23, 2024, plaintiff obtained a subpoena *duces tecum* seeking from Santa Monica certain police officer body camera footage and audio recordings of certain 911 telephone calls ("Subpoena"). The Subpoena directs Santa Monica to produce the responsive documents/items to

1  the Nevada District Court at 333 S. Las Vegas Boulevard, Las Vegas, Nevada.  The Subpoena does not
2  provide for any other options or locations for production.
3       In response to Santa Monica's *Motion to Quash Subpoena Duces Tecum* (ECF No. 94), plaintiff
4  filed his *Motion in Opposition* (ECF No. 95) and a *Motion for Entry Of Order* (ECF No. 101).
5  Plaintiff's *Motion in Opposition* (ECF No. 95) is not an independent motion but simply raises arguments
6  in opposition to Santa Monica's motion.  Plaintiff's related *Motion for Entry Of Order* (ECF No. 101)
7  seeks clarification whether Santa Monica must produce the documents requested by his Subpoena.

**II.   ANALYSIS**

9       The Court has broad discretion to permit or deny discovery. *See Hallett v. Morgan*, 296 F.3d
10  732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140
11  L.Ed.2d 759 (1998).  FRCP 26(b)(1) defines the permissible scope of discovery as "discovery regarding
12  any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of
13  the case…." *Id.*  FRCP 45(c)(2)(A) provides that any subpoena for documents "may command: (A)
14  production of documents, electronically stored information, or tangible things at a place within 100
15  miles of where the person resides, is employed, or regularly transacts business in person." *Id.*

16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //

Plaintiff's Subpoena is improper. First, it does not seek information that was relevant to any pending claim or defense pending at the time of the Subpoena, and therefore, violates Rule 26(b)(1). Second, the Subpoena violates Rule 45(c)(2)(A) in because the Subpoena requires production of documents at a place beyond 100 miles where Santa Monica resides and transacts business.[1]

Accordingly,

**IT IS ORDERED** that:

(1) Santa Monica's *Motion to Quash* (ECF No. 94) is **GRANTED**;

(2) Plaintiff's *Motion for Entry Of Order* (ECF No. 101) is **DENIED**; and

(3) Plaintiff's Subpoena is **QUASHED**.

DATED this 6th day of November 2024.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

---

[1] While plaintiff suggests that Santa Monica could comply with the Subpoena by mailing the responsive materials (*see* ECF No. 95), the Subpoena does not allow for such production (*see* ECF No. 92 at 5) and plaintiff ultimately insists that it is necessary for Santa Monica to personally deliver of the responsible materials to the Nevada District Court in the presence of the US Marshals (*see* ECF No. 95).

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**