UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Constantino Basile,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>The Los Angeles Film School LLC, et al.,<br><br>　　　　　　Defendant(s). | 2:24-cv-00108-APG-MDC<br><br>**Order Denying Plaintiff's Motion to Compel Cooperation With Discovery** |

I have reviewed the plaintiff's *Motion to Compel Cooperation With Discovery* (ECF No. 121) ("Motion") and defendant Santa Monica Police Department's ("Santa Monica") opposition (ECF No. 124) and *Motion For Protective Order And To Stay Discovery* (ECF No. 125) ("Countermotion to Stay"). For the reasons below, I DENY plaintiff's Motion (ECF No. 121) and GRANT Santa Monica's Countermotion to Stay (ECF No. 125).

I.   **BACKGROUND**

Plaintiff initially named Santa Monica in his Complaint (ECF No. 1). Santa Monica is the police department for the City of Santa Monica located in Los Angeles County, California. Santa Monica was dismissed from the action on September 18, 2024, when the District Judge granted Santa Monica's motion to dismiss. On September 23, 2024, plaintiff obtained a subpoena *duces tecum* ("09/23/24 Subpoena") seeking from Santa Monica police officer body camara footage and audio recordings relating to certain 911 telephone calls ("Subpoena"). On November 6, 2024, I entered an order (ECF No. 104) granting Santa Monica's *Motion To Quash* and quashed plaintiff's Subpoena.

1  Meantime, plaintiff filed a First Amended Complaint (EFC No. 103) on October 31, 2024, in
2  which he again named Santa Monica as a defendant.  On November 14, 2024, Santa Monica filed a
3  *Motion to Dismiss* (ECF No. 110) ("MTD") plaintiff's First Amended Complaint.
4  On December 13, 2024, plaintiff filed his Motion to Compel (ECF No. 121). Plaintiff's Motion
5  seeks to compel Santa Monica to "cooperate" and respond to the documents requested by his Subpoena.
6  On December 27, 2024, Santa Monica filed an Opposition (ECF No. 121) which also contained a
7  Countermotion for Protective Order. On December 31, 2024, I ordered Santa Monica to file their
8  Countermotion as a separate document, in compliance with LR IC 2-2(b). The Countermotion was filed
9  as a separate document on January 2, 2025 (ECF No. 125).

10  **II.    ANALYSIS OF PLAINTIFF'S MOTION**

11  Judges have broad discretion to permit or deny discovery. *See Hallett v. Morgan*, 296 F.3d 732,
12  751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d
13  759 (1998).

14  My 11/06/24 Order (ECF No. 104) quashed plaintiff's Subpoena, which means that the
15  Subpoena is void and Santa Monica is under no obligation to provide plaintiff with documents
16  responsive to the Subpoena. To the extent that plaintiff may be asking for reconsideration of my
17  11/06/24 Order, plaintiff fails to provide any authority or grounds supporting reconsideration. *See e.g.,*
18  *United Auto. Ins. Co. v. Christensen,* No. 2:18-CV-02269-JAD-BNW, 2020 WL 4572321, at *1 (D.
19  Nev. Aug. 6, 2020) (party seeking reconsideration has the burden to show that: "(1) the movant presents
20  newly discovered evidence, (2) the district court committed clear error or the initial ruling was
21  manifestly unjust, or (3) there is an intervening change in controlling law."); LR 59-1 (same).

22  To the extent that plaintiff requested Santa Monica to comply with the Subpoena as a FRCP 34
23  request, it is also improper.  Plaintiff cannot commence discovery because the parties have not
24  conducted a pre-trial conference required by Rule 26(f) of the Federal Rules of Civil Procedure.  Rule
25

26(d)(1) specifically states "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *Id.*

Therefore, I DENY plaintiff's Motion (ECF No. 121).

### III. ANALYSIS OF DEFENDANT'S COUNTERMOTION TO STAY

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). That Santa Monica filed a motion to dismiss is not, itself alone, grounds to stay discovery. *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.").

When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, in considering whether to stay discovery pursuant, I rely on the inherent powers of the court, my discretion, and the goals pronounced by Rule 1.

I have previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). Under the pragmatic approach, I only consider the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.* Applying the pragmatic approach, I GRANT Santa Monica's Countermotion to Stay (ECF No. 125).

Santa Monica demonstrates, and plaintiff does not dispute, that Santa Monica's pending MTD (ECF No. 110) can be decided without further discovery. I also find good cause to stay discovery until the District Judge resolve Santa Monica's MTD. First, staying discovery under the circumstances, accomplishes the inexpensive determination of the case as directed by Rule 1. Second, plaintiff has previously been deemed a vexatious litigant (ECF No. 100) and staying discovery pending resolution of whether plaintiff has legally stated a claim against Santa Monica is appropriate to preclude plaintiff from unnecessarily multiplying these proceedings until such determination.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion to Compel* (ECF No. 121) is **DENIED**; and

2. Santa Monica's *Motion for Protective Order to Stay Discovery* (ECF No. 125) is **GRANTED**. Discovery in this action is stayed an no discovery may take place until further Court order.

DATED this 13th day of January 2025.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**