UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Constantino Basile,<br><br>                    Plaintiff,<br><br>vs.<br><br>The Los Angeles Film School, LLC, et al.,<br><br>                    Defendants. | 2:24-cv-00108-APG-MDC<br><br>ORDER |

Pending before the Court is defendant JAMS, Inc's *Motion to Stay Discovery* (ECF No. 171), defendant Las Vegas Metro Police Department's ("LVMPD") *Joinder to the Motion to Stay* (ECF No. 175), and plaintiff's *Motion to Compel Cooperation with Discovery* (ECF No. 172). For the reasons stated below, the Court GRANTS the *Motion to Stay Discovery* and *Joinder to Motion to Stay.* The Court DENIES the *Motion to Compel.*

**DISCUSSION**

**I.   MOTION TO STAY (ECF No. 171) and JOINDER (ECF No. 175)**

   **A.   Legal Standard**

      **a.   The Court Has Inherent Discretion To Control Discovery**

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every

action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

### b. The Pragmatic Approach

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 U.S. Dist. LEXIS 90611, at *4 (D. Nev. May 21, 2024); *ECF No. 21*. The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

### B. Analysis

Defendants JAMS, Inc. and LVMPD seek to stay discovery pending adjudication of the motions to dismiss. *See ECF Nos. 171, 175*. Defendants allege, and plaintiff neither opposed defendants' motion to stay nor dispute that no discovery is needed to rule on the motions to dismiss. *ECF No. 171, 175*. Plaintiff's *Motion* to *Compel* (ECF No. 172) requests discovery in general but does not request or otherwise argue that discovery is needed to respond to defendants' motions to dismiss. Furthermore, good cause exists to stay discovery in this case.

The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1. Thus, good cause exists where a staying discovery secures "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."). *See also Schrader*, 2021 U.S. Dist. LEXIS 198974, *12 (good cause may be found where a movant seeks to stay discovery to prevent the undue burden or expense). Staying discovery under the circumstances of this case furthers the goals of Rule 1. There are numerous defendants in this case, and numerous pending *Motions to Dismiss* (ECF Nos., 106, 109, 110, 140). Thus, resolution of the *Motions to Dismiss* would provide for either a clear and concise statement of the

claims against defendants or complete dismissal of plaintiff's claims and save all parties from the expenses of unnecessary discovery at this time. Therefore, the Court GRANTS the *Motion to Stay* (ECF No. 171) and *Joinder* (ECF No. 175).

Generally, a stay in discovery is granted only to the moving defendants. *See Hologram USA, Inc. v. Cirque Du Soleil My Call, LLC*, No. 2:14-CV-0916-RFB-NJK, 2014 WL 12792490, at *4 (D. Nev. Nov. 24, 2014) (stay only applies to moving defendant) (citing *White v. American Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989) (denying motion to stay discovery against one defendant where motion to dismiss was filed by another defendant)). However, the Court finds that the purpose of Rule 1 would better be fulfilled if the stay is granted as to all defendants. The Court will exercise its discretion in controlling discovery. *Tradebay, LLC*, 278 F.R.D. at 601 ("The district court has wide discretion in controlling discovery[.]"). Discovery for all parties is stayed until adjudication of the pending *Motions to Dismiss* (ECF Nos., 106, 109, 110, 140).

**II.  MOTION TO COMPEL (ECF No. 172)**

Because the Court has granted a stay in discovery, plaintiff's *Motion to Compel* (ECF No. 172) is DENIED AS MOOT. Discovery is stayed until adjudication of all pending motions to dismiss.

//
//
//
//
//
//
//
//
//
//

## III. CONCLUSION

Because plaintiff does not dispute that discovery is not needed to adjudicate the pending motions to dismiss, the Court finds that good cause exists to grant a stay in discovery. Discovery will be stayed until adjudication of all pending motions to dismiss.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Stay Discovery* (ECF No. 171) and *Joinder* (ECF No. 175) are **GRANTED**.

    a. Discovery for all parties is stayed until adjudication of all pending motions to dismiss.

    b. Parties shall file a stipulated discovery plan and scheduling order within 21-days of a denial of the motions to dismiss in part or in whole.

2. The *Motion to Compel* (ECF No. 172) is **DENIED AS MOOT**.

DATED this 15th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.