UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CONSTANTINO BASILE,<br><br>Plaintiff<br><br>v.<br><br>LOS ANGELES FILM SCHOOL, LLC, et al.,<br><br>Defendants | Case No.: 2:24-cv-00108-APG-MDC<br><br>**Order (1) Granting Defendants Southwest Airlines; Kripke Enterprises; NBC Universal; Sony Pictures Entertainment; Amblin Entertainment; Sony Pictures Television; Santa Monica Police Department; JAMS; Las Vegas Metropolitan Police Department; EMH Productions; and Los Angeles Film School's Motions to Dismiss; (2) Denying as Moot Defendant Las Vegas Metropolitan Police Department's Motion to Quash; (3) Denying Plaintiff Constantino Basile's Motions Opposing JAMS' Motion to Dismiss, Motion for Declaratory Judgment, and Motion for Injunctive Remedy**<br><br>[ECF Nos. 106, 108, 109, 110, 140, 143, 149, 150, 164, 173, 174, 180] |

Plaintiff Constantino Basile filed a 228-page amended complaint against over 40 defendants,[1] including Southwest Airlines Co.; Mitchell Silberberg & Knupp LLP (MSK);[2] Kripke Enterprises; NBC Universal; Sony Pictures Entertainment, Inc.; Amblin Entertainment,

---

[1] The first pages of the amended complaint list 46 defendants, but pages 128-29 state that this is a "Revised Prayer for Damages, First Amended Complaint" and list 11 "still active Defendants." ECF Nos. 103 at 1-12; 103-1 at 128-29. The "still active Defendants" are: the U.S. Supreme Court; the Ninth Circuit Court of Appeals; the U.S. District Court – Central District, Western Division; the Federal Bureau of Investigation; The Pentagon; Nevada District Court; Harrison Ford; Will Smith; American Broadcast Center; Los Angeles County Medical Examiner; and the City of Santa Monica (SMPD). ECF No. 103-1 at 128-29. Basile has filed documents purporting to show proof of service for more than these 11 defendants. *See* ECF Nos. 131-37. I address the service of process issues by separate order.

[2] MSK joined Southwest's motion to dismiss. ECF No. 108.

Inc.; Sony Pictures Television; The Santa Monica Police Department (Santa Monica); JAMS, Inc.; Las Vegas Metropolitan Police Department (LVMPD); EMH Productions, Inc.; and Los Angeles Film School (collectively, "the moving defendants"). ECF No. 103.  The moving defendants seek dismissal on various grounds, including that the amended complaint violates a previous vexatious litigant order restricting Basile's filings in this district.  They also argue that because the amended complaint contains no new factual allegations, it should be dismissed with prejudice for all of the same reasons outlined in my previous order dismissing the original complaint.  Basile opposes these motions and moves for declaratory and injunctive relief related to an incident involving LVMPD. ECF Nos. 173-74.

I previously dismissed Basile's claims against several defendants with prejudice, and against Santa Monica with leave to amend.  I also granted a motion to deem Basile a vexatious litigant under 28 U.S.C. § 1651(a), enjoining and prohibiting him from "filing any new complaint, petition, or other action in this court related to his film school projects, copyright infringement, or the alleged related conspiracy." ECF No. 100 at 8; *see also* ECF No. 99.  I specified that he could file an amended complaint "alleging only a claim against the City of Santa Monica, as I permitted in my September 18, 2024 order." ECF No. 100 at 9 (citing ECF No. 88).  I further ordered that Basile was required to seek leave of court before filing any additional actions in this district. *Id.* at 8.

Because the parties are familiar with the facts, I repeat them only as necessary to resolve the motions.  Regarding the claims against Santa Monica, Basile's amended complaint is identical to his original complaint, with the addition of three pages that do not feature any new factual allegations.  Instead, the additional pages set forth a "revised prayer for damages . . . for 18 U.S.C. § 1958 murder for hire [] resulting in wrongful death of [Basile's] brother." ECF No.

103-1 at 128 (simplified). Basile has not added to or adjusted the factual allegations about Santa Monica to plausibly allege a claim for relief against it, so I grant Santa Monica's motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (noting that a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief). I dismiss the claim without leave to amend because I have already given Basile an opportunity to allege additional facts, and he has failed to do so. Also, the few, vague facts he has alleged, which are identical to those in the original complaint, arise from the nucleus of facts of the alleged copyright infringement of his film school projects and the related conspiracy that I previously ruled as precluded by prior litigation. ECF No. 100. Because Basile has made no other, new factual allegations against Santa Monica that could suggest an alternate basis for his claims distinct from the alleged copyright infringement and conspiracy, I deny further leave to amend because it would be futile. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend." (quotation omitted)).

     I also grant the other 11 moving defendants' motions to dismiss because the amended complaint, which alleges claims against parties other than Santa Monica, violates my prefiling order. ECF No. 100 at 8-9; *see In re Martin-Bragg*, No. 22-55811, 2024 WL 209760, at *1 (9th Cir. Jan. 19, 2024) ("The district court did not abuse its discretion in administratively closing [the appellant's] appeal because [the appellant] failed to comply with the prefiling [vexatious litigant] order previously entered against him in 2018."); *see also Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first

meets certain requirements."). The amended complaint is also operatively identical to the original complaint that I dismissed with prejudice against these moving parties, so it still suffers from the same fatal deficiencies as before, namely that the claims are barred by claim and issue preclusion. *See* ECF No. 96 at 4-7. I therefore again dismiss the claims against the moving defendants with prejudice because amendment would be futile. As a result, I deny Las Vegas Metro's motion to quash, as well as Basile's motion to oppose JAMS, Inc.'s motion to dismiss, as moot.

Finally, I deny Basile's motions for declaratory judgment and injunctive relief because the incident he refers to post-dates the complaint and he has not been granted leave to amend his claims against LVMPD, which were previously dismissed with prejudice. Further, the facts he alleges in his emergency declaration, which correspond to these motions, refer to the alleged conspiracy arising from his film school projects, so he has violated the conditions of the vexatious litigant prefiling order. *See* ECF Nos. 100 at 8; 161 at 5 (mentioning the alleged conspiracy). I remind Basile that I also previously dismissed with prejudice his claims against NBCUniversal Media, LLC; Thorndal Armstrong Delk Balkenbush & Eisinger; Robert A. Leark, Ph.D; and Governor Gavin Newsom. ECF Nos. 96, 99. I have not granted leave to amend his claims against them, so he must abide by the terms of the prefiling order and refrain from submitting additional filings against them.

## CONCLUSION

I THEREFORE ORDER that the moving defendants Southwest Airlines Co.; Mitchell, Silberberg & Knupp LLP; Kripke Enterprises; NBC Universal; Sony Pictures Entertainment, Inc.; Amblin Entertainment, Inc.; Sony Pictures Television; The Santa Monica Police Department (Santa Monica); JAMS, Inc.; Las Vegas Metropolitan Police Department; EMH

Productions, Inc.; and Los Angeles Film School's motions to dismiss **(ECF Nos. 106, 108, 109, 110, 140, 150, 164, and 180) are GRANTED**. Basile's claims against these defendants are dismissed with prejudice. **Other than responding to an appeal, these parties need not respond to any future filings in this case unless further ordered by the court.**

I FURTHER ORDER that plaintiff Constantino Basile's motion opposing defendant JAMS, Inc.'s motion to dismiss **(ECF No. 143) is DENIED** as moot.

I FURTHER ORDER that defendant Las Vegas Metropolitan Police Department's motion to quash **(ECF No. 149) is DENIED** as moot.

I FURTHER ORDER that Basile's motion for declaratory judgment **(ECF No. 173) is DENIED**.

I FURTHER ORDER that Basile's motion for injunctive remedy **(ECF No. 174) is DENIED**.

Basile is advised that he must comply with my prefiling order (ECF No. 100) which enjoins and prohibits him from filing any new complaint, petition, or other action in this court related to his film school projects, copyright infringement, or the alleged related conspiracy. ECF No. 100 at 8. He is also required to seek leave of court before filing any additional actions in this district. *Id.*

DATED this 11th day of September, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE